UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN BARRON,<br><br>                             Plaintiff,<br><br>v.<br><br>IMPERIAL COUNTY SHERIFF'S DEPARTMENT; FAMILY COURT OF IMPERIAL VALLEY; IMPERIAL VALLEY HEALTH AND HUMAN SERVICES; IMPERIAL CHILD SUPPORT SERVICES; SAMUEL CASTRO; A. De LEON; L. AVILA; CYNTHIA LIGGETT; VICTOR NUNEZ; MICHAEL TERRIQUEZ; LIZA BARRAZA; LISA BAKER; and RANDY RUTTEN,<br><br>                             Defendants. | Case No.: 24-CV-2362 TWR (LR)<br><br>**ORDER GRANTING EXTENSION OF TIME PURSUANT TO RULE 4(m)** |

Presently before the Court is Plaintiff Ruben Barron's Response ("Response," ECF No. 7) to this Court's Order to Show Cause on or before August 6, 2025, why the action should not be dismissed for failure to prosecute. (*See* ECF No. 6). Plaintiff appears to have believed that default and default judgement were granted when the Clerk of the Court stamped and initialed the respective form. (*See* Response at 1.) This is incorrect. (*See* ECF No. 4; ECF No. 5.) Plaintiff's Request for Entry of Clerk Default was denied because

1

the "Federal Civil Rule for Default [was] not cited, [and there was] no attestation that Defendants were served." (ECF No. 4.) Plaintiff's Request for Entry of Default Judgement was denied because there was "no Default entered, [and the] request [wa]s not for a sum certain amount." (ECF No. 5.)

In response to Plaintiff's failure to serve Defendants, Plaintiff contends that he believed the government would serve Defendants and requests that the Court order the government to serve process on Defendants. (*See* Response at 2.) "At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). The court is only required to order such service "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916." Fed. R. Civ. P. 4(c)(3). The decision to appoint a process server is committed to the court's discretion and may be appropriate where, for instance, "a law enforcement presence appears to be necessary or advisable to keep the peace." Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment. According to the Congressional record, service by a marshal is available only in a "limited number of instances," and "the plaintiff is expected first to seek service by private means whenever feasible rather than impose the burden on the Marshals Service." 93 F.R.D. 255, 262 (1981); 96 F.R.D. 81, 127 (1983). Consequently, "court orders directing service by marshal should not be issued unless they really are necessary." *Id.*

Plaintiff is not proceeding in forma pauperis and has not filed a subsequent request to proceed in forma pauperis for purposes of service. *See generally* Docket. Whether to order service by the U.S. Marshals Service is therefore within the Court's discretion. *See* Fed. R. Civ. P. 4(c)(3). The Court concludes that Plaintiff has not met his burden of demonstrating that such an order "really [is] necessary" because Plaintiff has not attempted to serve Defendants through the other means. *See, e.g., Hollywood v. Carrows Cal. Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1–2 (C.D. Cal. Apr. 26, 2018) (denying motion under Rule 4(c)(3) because the "bare requests do not indicate what

steps plaintiff . . . has taken to effect service of process before seeking the assistance of the U.S. Marshal's Service, nor do they explain why such assistance is warranted"); *Raiser v. U.S. Dist. Ct. for S. Dist. of Cal.*, No. 20-CV-1490 TWR (AGS), 2021 WL 4895217, at *2 (S.D. Cal. Feb. 26, 2021) (denying non-incarcerated pro se litigant's ex parte motion for U.S. Marshal service where plaintiff was not proceeding IFP and had not met his burden of demonstrating that such an order "really [is] necessary" because he had not first "attempted to serve Defendants through . . . other means."). For example, Plaintiff could have attempted to have a qualified non-party serve Defendants without the Court's intervention. *See* Fed. R. Civ. P. 4(c)(2).

In light of Plaintiff's pro se status and apparent confusion about his procedural requirements, however, the Court finds good cause to **GRANT** Plaintiff an additional sixty (60) days from the date of this Order to properly execute service upon each Defendant pursuant to Federal Rule of Civil Procedure 4(m). *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 ("This court recognizes that it has a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."). *Should Plaintiff fail to comply with this Order by properly executing service within sixty (60) days, the Court will dismiss without prejudice this action under Rule 41(b) for failure to prosecute and pursuant to Civil Local Rule 83.1(a) for failure to comply with the Federal Rules of Civil Procedure and this Order.*

**IT IS SO ORDERED.**

Dated: October 15, 2025

_____
Honorable Todd W. Robinson
United States District Judge